NO. 07-04-0292-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 16, 2004



______________________________




IN THE MATTER OF L. J. G.



_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-760,966; HONORABLE MARK C. HALL, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant L. J. G. appeals the revocation of his community supervision and
commitment to the Texas Youth Commission. We will affirm. 

 On February 4, 2004 the State filed a petition seeking to have appellant adjudicated
a delinquent child under Chapter 51 of the Texas Family Code. It alleged appellant, who
was 16 years old at the time, committed burglary of a habitation on December 21, 2003. 
At a hearing on February 24, 2004, while represented by appointed counsel, appellant
waived his rights to a trial, to confrontation of witnesses and against self-incrimination, and
judicially confessed to burglary of a habitation and signed a written stipulation of evidence. 
The court found the State's allegation to be true and that appellant was a child who had
engaged in delinquent conduct. In a separate order rendered the same day it placed
appellant on intensive supervision probation. 

 On April 5, 2004, the State filed an application to modify the court's original
disposition. See Tex. Fam. Code Ann. § 54.05 (Vernon 2002). It alleged the violation of
four terms and conditions of appellant's probation and sought an order committing him to
the Texas Youth Commission until his 21st birthday. The court held a hearing on the
State's application April 30, 2004. At that hearing appellant plead true to two of the four
alleged violations. (1) The plea of true was supported by testimony of his probation officer,
Tom Gonzales. 

 Appellant testified that he and his father were living in a motel at the time. He said
his father would often leave him there alone for several days at a time and he did not feel
safe at the motel because of drug use and prostitution in the area. He went to live with his
girlfriend to get away from the motel. He also testified he called his probation officer the
day he moved but the officer was on vacation. Appellant left a message for the probation
officer four days later providing information on where he was living. 

 The probation officer confirmed speaking with appellant the day he moved out of the
motel, and that he was on vacation that week, but offered a different account of the
conversation. He testified appellant said his father was kicking him out of the motel room. 
The probation officer instructed appellant to return to the motel and that another officer
would come visit with him. When the other officer arrived, neither appellant nor his father
were present. 

 The trial court found appellant violated the two conditions of probation to which he
plead true. In a separate order rendered the same day, the court committed appellant to
the custody of the Texas Youth Commission. See Tex. Fam. Code Ann. § 54.05(f) (Vernon
2002). Appellant's trial counsel timely filed a notice of appeal. The trial court appointed
new counsel to represent appellant on appeal. That counsel has filed a brief stating he has
carefully reviewed the record in this case and concludes there is no reversible error and
the appeal is frivolous. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18
L.Ed.2d 493 (1967); In re D.A.S, 973 S.W.2d 296 (Tex. 1998) (applying Anders procedures
to appeals from juvenile delinquency adjudications). 

 The brief presents a single potential issue concerning whether the trial court abused
its discretion in committing appellant to the Texas Youth Commission. The brief discusses
the facts and procedural history of the case. Based on counsel's review he concludes the
record does not show an abuse of discretion by the trial court. Counsel also has filed a
motion to withdraw and by letter informed appellant of his rights to review the trial record
and to file a pro se brief. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.-Waco 1994,
pet. ref'd). By letter dated September 28, 2004, this Court also notified appellant and his
father of appellant's right to submit a response to the Anders brief and motion to withdraw
filed by his counsel, granting him until October 28, 2004, to do so. Appellant has not filed
a brief or other response. Nor has the State filed a brief in this appeal.

 In conformity with the standards set out by the United States Supreme Court we will
not rule on the motion to withdraw until we have independently examined the record.
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). 

 Appellate review of a revocation order is limited to determining whether the trial
court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984);
In re T.R.S., 115 S.W.3d 318, 320 (Tex.App.-Texarkana 2003, no pet.) (application of
standard to juvenile proceeding). The Legislature has vested juvenile courts with great
discretion in determining the suitable disposition of children found to have engaged in
delinquent conduct. This is especially so regarding hearings to modify disposition. In re
J.M., 25 S.W.3d 364, 367 (Tex.App.-Fort Worth 2000, no pet.). The State's burden of
proof in a probation revocation hearing is a preponderance of the evidence. In re T.R.S.,
115 S.W.3d at 320. The trial court abuses its discretion in revoking community supervision
if the State fails to meet its burden of proof. Id. The trial judge is the sole trier of fact. 
Taylor v. State, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980). A defendant's plea of true to
an alleged violation is sufficient to support the revocation. Moses v. State, 590 S.W.2d 469,
470 (Tex. Crim.App. 1979); In re K.B., 106 S.W.3d 913, 915 (Tex.App.-Dallas 2003, no
pet.). When more than one violation is alleged, proof of any one of them is sufficient to
support the revocation. Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980).

 Appellant's pleas of true to two alleged violations of the conditions of his community
supervision, and evidence presented at the hearing, are amply sufficient to support the
court's order. Appellant's explanation of the reason he violated the probation requirement
that he reside with his father was controverted by evidence appellant failed to convey those
circumstances to his probation officer before the revocation hearing. The court could also
consider the lack of adequate supervision from appellant's father and history of referrals
to the juvenile probation department. In re J.M., 25 S.W.3d at 367 (recognizing court's
wide discretion in hearings to modify disposition).

 Our review convinces us that appellate counsel conducted a complete review of the
record and his conclusion it does not show an abuse of discretion is correct. We have also
made an independent examination of the entire record to determine whether there are any
arguable grounds which might support the appeal. See Stafford, 813 S.W.2d at 511. We
agree it presents no meritorious grounds for review. We grant counsel's motion to
withdraw and affirm the judgment of the trial court.


 James T. Campbell

 Justice


 
1. Appellant admitted that for four days he stayed with his girlfriend and her mother
rather than with his father as required by the terms of his probation. The same conduct
was the basis of the State's allegations that appellant violated the curfew provisions of his
probation.