NO. 07-04-0292-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 16, 2004

_____

IN THE MATTER OF L. J. G.

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-760,966; HONORABLE MARK C. HALL, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant L. J. G. appeals the revocation of his community supervision and commitment to the Texas Youth Commission. We will affirm.

On February 4, 2004 the State filed a petition seeking to have appellant adjudicated a delinquent child under Chapter 51 of the Texas Family Code. It alleged appellant, who was 16 years old at the time, committed burglary of a habitation on December 21, 2003. At a hearing on February 24, 2004, while represented by appointed counsel, appellant waived his rights to a trial, to confrontation of witnesses and against self-incrimination, and

judicially confessed to burglary of a habitation and signed a written stipulation of evidence. The court found the State's allegation to be true and that appellant was a child who had engaged in delinquent conduct. In a separate order rendered the same day it placed appellant on intensive supervision probation.

On April 5, 2004, the State filed an application to modify the court's original disposition. *See* Tex. Fam. Code Ann. § 54.05 (Vernon 2002). It alleged the violation of four terms and conditions of appellant's probation and sought an order committing him to the Texas Youth Commission until his 21st birthday. The court held a hearing on the State's application April 30, 2004. At that hearing appellant plead true to two of the four alleged violations.[1] The plea of true was supported by testimony of his probation officer, Tom Gonzales.

Appellant testified that he and his father were living in a motel at the time. He said his father would often leave him there alone for several days at a time and he did not feel safe at the motel because of drug use and prostitution in the area. He went to live with his girlfriend to get away from the motel. He also testified he called his probation officer the day he moved but the officer was on vacation. Appellant left a message for the probation officer four days later providing information on where he was living.

---

[1]Appellant admitted that for four days he stayed with his girlfriend and her mother rather than with his father as required by the terms of his probation. The same conduct was the basis of the State's allegations that appellant violated the curfew provisions of his probation.

The probation officer confirmed speaking with appellant the day he moved out of the motel, and that he was on vacation that week, but offered a different account of the conversation. He testified appellant said his father was kicking him out of the motel room. The probation officer instructed appellant to return to the motel and that another officer would come visit with him. When the other officer arrived, neither appellant nor his father were present.

The trial court found appellant violated the two conditions of probation to which he plead true. In a separate order rendered the same day, the court committed appellant to the custody of the Texas Youth Commission. *See* Tex. Fam. Code Ann. § 54.05(f) (Vernon 2002). Appellant's trial counsel timely filed a notice of appeal. The trial court appointed new counsel to represent appellant on appeal. That counsel has filed a brief stating he has carefully reviewed the record in this case and concludes there is no reversible error and the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967); *In re D.A.S*, 973 S.W.2d 296 (Tex. 1998) (applying *Anders* procedures to appeals from juvenile delinquency adjudications).

The brief presents a single potential issue concerning whether the trial court abused its discretion in committing appellant to the Texas Youth Commission. The brief discusses the facts and procedural history of the case. Based on counsel's review he concludes the record does not show an abuse of discretion by the trial court. Counsel also has filed a motion to withdraw and by letter informed appellant of his rights to review the trial record and to file a pro se brief. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter dated September 28, 2004, this Court also notified appellant and his

father of appellant's right to submit a response to the *Anders* brief and motion to withdraw filed by his counsel, granting him until October 28, 2004, to do so. Appellant has not filed a brief or other response. Nor has the State filed a brief in this appeal.

In conformity with the standards set out by the United States Supreme Court we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex.App.–Texarkana 2003, no pet.) (application of standard to juvenile proceeding). The Legislature has vested juvenile courts with great discretion in determining the suitable disposition of children found to have engaged in delinquent conduct. This is especially so regarding hearings to modify disposition. *In re J.M.*, 25 S.W.3d 364, 367 (Tex.App.–Fort Worth 2000, no pet.). The State's burden of proof in a probation revocation hearing is a preponderance of the evidence. *In re T.R.S.*, 115 S.W.3d at 320. The trial court abuses its discretion in revoking community supervision if the State fails to meet its burden of proof. *Id.* The trial judge is the sole trier of fact. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980). A defendant's plea of true to an alleged violation is sufficient to support the revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim.App. 1979); *In re K.B.*, 106 S.W.3d 913, 915 (Tex.App.–Dallas 2003, no pet.). When

more than one violation is alleged, proof of any one of them is sufficient to support the revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980).

Appellant's pleas of true to two alleged violations of the conditions of his community supervision, and evidence presented at the hearing, are amply sufficient to support the court's order. Appellant's explanation of the reason he violated the probation requirement that he reside with his father was controverted by evidence appellant failed to convey those circumstances to his probation officer before the revocation hearing. The court could also consider the lack of adequate supervision from appellant's father and history of referrals to the juvenile probation department. *In re J.M.,* 25 S.W.3d at 367 (recognizing court's wide discretion in hearings to modify disposition).

Our review convinces us that appellate counsel conducted a complete review of the record and his conclusion it does not show an abuse of discretion is correct. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See Stafford*, 813 S.W.2d at 511. We agree it presents no meritorious grounds for review. We grant counsel's motion to withdraw and affirm the judgment of the trial court.

James T. Campbell
Justice