In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00087-CR

                                                ______________________________

 

 

                          CHARLES EDWARD MARZEK, JR.,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 9915654

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Charged
with aggravated assault (Tex. Penal Code
Ann. § 22.02 (Vernon Supp. 2010)), Charles Edward Marzek, Jr., entered
into a plea agreement in 2000 wherein he was given deferred adjudication and
was placed on community supervision.  The
following year, Marzek was determined to have failed to comply with the terms
of community supervision; he was adjudged guilty and his punishment was
assessed at ten years’ confinement and a fine, but this sentence was probated
and he was once again placed on community supervision.  As the result of allegations that he had
committed a subsequent criminal offense, his community supervision was revoked
in 2010 and he was sentenced to ten years’ confinement. 

            Marzek
appeals the judgment revoking community supervision on the following
grounds:  (1) He maintains that the trial
court erred in admitting a certified application for a protective order in
violation of the Confrontation Clause.  (2) He complains that the trial court erred by
requiring the appearance and examination of specific witnesses after the State
had announced that it had rested its case.  (3) He contends that the trial court abused
its discretion in finding that he violated conditions of community supervision
by failing to pay fees and fines. 
Because there was no violation of the Confrontation Clause, Marzek
failed to preserve complaints as to the appearance and questioning of
additional witnesses, and sufficient evidence supported the court’s decision to
revoke community supervision, we affirm the trial court’s judgment. 

I.          No
Violation of the Confrontation Clause 

            In addition to allegations of
failure to pay fees, the State alleged Marzek violated “condition A of his
community supervision” by committing “Assault Family Violence” against his
girlfriend, Amanda Pruitt.  In support of
this allegation, the State introduced a certified copy of an application for
protective order containing Pruitt’s affidavit in which she claimed Marzek 

grabbed me by my jaw/throat and squeezed as he was
pushing me to the back door. . . . he then slapped me on the right side of my
face and slammed my head in to the icebox. 
It hurt my right ear and he then grabbed my throat and pulled me up
straight up . . . . He then slammed my left side of my head through the folding
doors.  He told me to get out and if I
took anything that wasn’t mine he would burn me in my truck . . . . He told me
I would make good tree fertilizer.  He
then asked me if I needed an ambulance, I said yes he said ok, let me find my
knife.

 

The disturbance prompted a
telephone call to the police, who arrested Marzek and helped initiate the
process for Pruitt to obtain a protective order.  Marzek agreed to the entry of a protective
order, which included among its findings that Marzek had “committed family
violence and [was] likely to commit family violence in the future.”  Marzek’s counsel objected to introduction of
the exhibit, stating, “[I]t’s a certified copy, but I do object on the basis that
there is some information in there that I wish that I could cross-examine the
person who made out the affidavit.  It’s
my understanding that that person is not here today, and based on that, I do
object to that coming in.”[1]

            Marzek
argues that the trial court erred in admitting the application for protective
order containing Pruitt’s affidavit and that its admission violated his Sixth
Amendment right to confront witnesses against him.  We review a trial court’s decision to admit
evidence under an abuse of discretion standard. 
McDonald v. State, 179 S.W.3d
571, 576 (Tex. Crim. App. 2005).  “Although
we defer to a trial court’s determination of historical facts and credibility,
we review a constitutional legal ruling . . . de novo.”  Wall v.
State, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006).  A trial court’s ruling to admit evidence will
not be reversed so long as it falls within the zone of reasonable
disagreement.  See Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).

            “In
all criminal prosecutions, the accused shall enjoy the right to . . . be
confronted with the witnesses against him.” 
U.S. Const. amend. VI; see also Tex. Const. art. I, § 10. 
The admission of a testimonial, out-of-court statement from a declarant
who does not appear at trial violates the Confrontation Clause unless the
declarant was unavailable to testify at trial and the defendant had a prior
opportunity for cross-examination.  Davis v. Washington, 547 U.S. 813, 821
(2006); Crawford v. Washington, 541
U.S. 36, 68 (2004). 

            At
the first stage of the evidentiary hearing (during which the application for
protective order was introduced), Pruitt was not present.  Marzek testified that he did not assault
Pruitt and that he only agreed to the entry of the protective order because he
believed it best for both of them to leave each other alone.  He argued that he did not understand the full
import of his acquiescence to the protective order because he was not
represented by counsel.  The trial court
stated, 

This is a court concern -- great
concern by the Court.  Somebody is not
telling the truth here and it’s very, very serious.  So I’m going -- I want the deputies that
appeared that night -- I want them here next Tuesday morning.  I want -- I want both deputies.  I want Ms. Pruitt and . . . any other witness
-- potential witness.  

            And
we’ll see what—because this is really serious, and so justice must be done.

 

Without objection, the
proceedings were recessed to allow the witnesses to appear.  

            When
the hearing resumed, Pruitt was called to testify.  On taking the stand, she recanted the
statements made in her affidavit and claimed that Marzek had not struck her.  Because Pruitt was then made available,
testified at trial, and was cross-examined by Marzek, there was no Confrontation
Clause violation.  Melendez-Diaz v. Massachusetts, __ U.S. __, 129 S.Ct. 2527, 2531
(2009); Crawford, 541 U.S. at 53–54; see Briggs v. State, 789 S.W.2d 918
(Tex. Crim. App. 1990).  Thus, the trial
court did not abuse its discretion in admitting the application for protective
order. 

II.        Marzek Failed to Object
to Appearance and Testimony of Additional Witnesses

            Marzek complains
that the trial court “active[ly] participat[ed] in prosecuting” Marzek in such
a manner that “undermined the proper functioning of the adversarial process” by
asking that additional witnesses appear after the State had rested.[2]  “As a prerequisite to presenting a complaint
for appellate review, the record must show that:  (1) the complaint was made to the trial court
by a timely request, objection, or motion . . . .”  Tex. R.
App. P. 33.1(a)(1).  Our review of
the record fails to reveal any objection to either the trial court’s request
that additional witnesses be called or to the testimony of any of the
additional witnesses.  Because Marzek
failed to preserve this point of error, it is overruled.[3] 

III.       Sufficient Evidence
Supported the Trial Court’s Judgment 

            We review the
trial court’s decision to revoke community supervision for an abuse of
discretion.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); In
re T.R.S., 115 S.W.3d
318, 320 (Tex. App.––Texarkana 2003, no pet.). The trial court does not abuse
its discretion if the order revoking community supervision is supported by a
preponderance of the evidence; in other words, the greater weight of the
credible evidence would create a reasonable belief that the defendant has
violated a condition of his community supervision.  Rickels,
202 S.W.3d at 763–64; T.R.S., 115
S.W.3d at 320.  In conducting our review,
we view the evidence in the light most favorable to the trial court’s
ruling.  Cardona v. State, 665 S.W.2d 492 (Tex. Crim. App. 1984); T.R.S., 115 S.W.3d at 321. 

            In
a revocation hearing, the trial judge is the sole trier of the facts and
determines the credibility of the witnesses and the weight to be given to the
testimony.  T.R.S., 115
S.W.3d at 320.  The judge may accept or
reject any or all of a witness’ testimony.  Id. at
321 (citing Mattias v. State, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987)).  Thus, we defer to the trial court’s resolution
of disputed facts and to any reasonable inferences which can be drawn from
those facts.  Cantu v. State, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008).  If a single ground for revocation is supported
by a preponderance of the evidence and is otherwise valid, then an abuse of
discretion is not shown.  Sanchez v. State, 603 S.W.2d 869, 871
(Tex. Crim. App. [Panel Op.] 1980); T.R.S., 115 S.W.3d at 321 (citing Stevens v. State, 900 S.W.2d 348, 351 (Tex.
App.––Texarkana 1995, pet. ref’d)).

            Marzek
only challenges the trial court’s finding that he failed to pay fees as alleged
in the State’s motion to revoke community supervision.  The State’s motion alleged Marzek failed to
pay his community supervision fee fifty-two times, and his fines, court costs,
court-appointed attorney fee, and restitution seventy-three times, in the span
of seven years.  Marzek complains this
was due to an inability to pay.  In any
event, after receiving a settlement in a personal injury lawsuit, Marzek paid
the total arrearage of $15,241.00.  His
community supervision officer affirmed that all of Marzek’s fees and fines were
“paid in full.”  

            Marzek
does not challenge the court’s finding that he violated his community
supervision by committing family violence against Pruitt.  Deputy Stacy Green, who was dispatched to the
scene of the domestic disturbance, found a sobbing Pruitt claiming “[t]hey
[had] started arguing.  And that he had
slapped her and hit her and pushed her against the -- against the wall and put
her head into a door.”  Green took
photographs (which were admitted without objection) depicting injuries to
Pruitt and the screen door broken by Pruitt’s head.  “[Pruitt] had also stated that [Marzek] had
grabbed her by the throat and pushed her into the ice box, or refrigerator.”  Green testified that Pruitt had bruises and “markings
on her face and throat.”  Statements made
to Green were corroborated by the audiotape recording from the arrest, also
admitted without objection.  On the
recording, a distraught Pruitt told officers that Marzek had struck her, rammed
her head through the screen door, and had grabbed her by the neck.  In that recording, Pruitt claimed she was
afraid for her life.  Marzek’s version of
the story to the police was that Pruitt had caused herself to hit the
refrigerator and door.  

            Although
Pruitt took the stand to testify in favor of Marzek, the trial court was within
its discretion to reject the testimony that conflicted with the other evidence
as an attempt to save her abuser.  Based
on the photographs, the application for protective order, the audiotape
recording of Marzek’s arrest, and Green’s testimony, the trial court was within
its discretion to find by a preponderance of the evidence that the State met
its burden to prove Marzek had committed family violence.  We overrule Marzek’s last point of error. 

IV.       Conclusion 

            We affirm the
trial court’s judgment.  

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          January
24, 2011

Date Decided:             January
25, 2011

 

Do Not Publish

 











[1]We
determine that the objection, although not terribly precise, was sufficient to
raise an issue of an alleged violation of a Constitutional right to confront an
adverse witness.  





[2]We
observe that it seems a bit paradoxical that when the affidavit of Pruitt was
introduced, Marzek’s counsel expressed his “wish” to cross-examine Pruitt, yet
Marzek now complains on appeal of the trial court’s sua sponte requirement that
Pruitt and others be brought in to testify (allowing that opportunity for
cross-examination).





[3]Had
the error been preserved, this Court would conduct an analysis such as the one
completed by our sister court in Smith v.
State, 290 S.W.3d 368, 370–75 (Tex. App.––Houston [14th Dist.] 2009, pet.
ref’d).