In the Matter of T.R.S., a Juvenile.

No. 06–02–00080–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 17, 2003.

Decided Sept. 5, 2003.

a demand, but the discussion was not record-ed.

Robert D. Bennett, Robert D. Bennett & Associates, PC, Gilmer, for appellant.

Mike Fetter, Upshur County Dist. Atty., Angela J. Norton, Asst. Dist. Atty., Gilmer, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

The trial court found that T.R.S., a juvenile, violated his probation and committed him to the custody of the Texas Youth Commission. T.R.S. contends the trial court erred in: (1) finding the allegation he had broken and entered a van with intent to commit theft was true; (2) finding the allegation he had failed to restrain from the use of illegal drugs was true; and (3) finding the allegation he had possessed a deadly weapon was true. We affirm.

On September 2, 1999, T.R.S. was found to have engaged in delinquent conduct by committing several felony burglaries of a habitation in violation of TEX. PEN.CODE ANN. § 30.02 (Vernon 2003), and several misdemeanor burglaries of a vehicle in violation of TEX. PEN.CODE ANN. § 30.04 (Vernon 2003). He was placed on juvenile probation. The relevant terms and conditions of his probation provided as follows:

1. Commit no offense against the laws of this or any other State, or any political subdivision thereof, or of the United States.

2. Do not use alcoholic beverages, narcotic and/or illegal drugs. . . . .

. . . .

4. Do not use, sell or possess firearms or any deadly weapon or instrument, that can be used to inflict bodily injury.

. . . .

10. Faithfully attend school each school day during the school year. . . .

The State filed a motion to revoke probation and modify disposition, alleging T.R.S. violated the above reasonable and lawful provisions of his probation. The Texas Family Code provides that "a disposition based on a finding that the child engaged in delinquent conduct that violates a penal law of this state or the United States of the grade of felony . . . may be modified so as to commit the child to the Texas Youth Commission if the court after a hearing to modify disposition finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court." TEX. FAM.CODE ANN. § 54.05(f) (Vernon 2003). The judge committed T.R.S. to the custody and control of the Texas Youth Commission by finding the following allegations true:

3) The Probationer . . . [did] break into or enter a vehicle to-wit: a 1994 Chevy Van or a part thereof, with intent to commit theft, in violation of condition (1);

. . . .

6) The Probationer . . . failed to restrain from use of alcoholic beverages, narcotic and or illegal drugs . . . in violation of condition (2);

. . . .

8) The Probationer . . . failed to restrain from possessing a firearm or deadly weapon or instrument, that can be used to inflict bodily injury in that on or about the 27th day of May, 2000, [T.R.S.] used a pellet gun to shoot the window of a 1992 chevy pickup owned by Marvin Blackwell, in violation of condition (4);

9) The Probationer . . . failed to faithfully attend school each school day during the school year . . . in violation of condition (10).

 The trial court's modification of a juvenile disposition is reviewed under an abuse of discretion standard. *See In re D.S.S.,* 72 S.W.3d 725, 727 (Tex.App.-Waco 2002, no pet.); *In re H.G.,* 993 S.W.2d 211, 213 (Tex.App.-San Antonio 1999, no pet.); *In re J.L.,* 664 S.W.2d 119, 120 (Tex.App.-Corpus Christi 1983, no writ). In a probation revocation hearing, the decision whether to revoke rests within the discretion of the trial court. *Wester v. State,* 542 S.W.2d 403, 405 (Tex.Crim.App.1976). This discretion is not absolute. *Scamardo v. State,* 517 S.W.2d 293, 297 (Tex.Crim. App.1974). The trial court is not authorized to revoke probation without a showing that the probationer has violated a condition of the probation imposed by the court. *DeGay v. State,* 741 S.W.2d 445, 449 (Tex. Crim.App.1987). The burden of proof in a probation revocation hearing is by a preponderance of the evidence. *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App. 1984).

 The state's burden of proof on a motion to revoke probation is lower than the burden of proof necessary for criminal conviction. The state need only prove by a preponderance of the evidence that the terms of probation were violated. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App. 1993); *Cardona,* 665 S.W.2d at 493. "Preponderance of the evidence" has been defined as the greater weight and degree of credible testimony. *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91, 95 (1935); *Allen v. State,* 786 S.W.2d 738, 741 (Tex. App.-Fort Worth 1989) (op. on reh'g), *pet.*

*dism'd,* 841 S.W.2d 7 (Tex.Crim.App.1992); *Hill v. State,* 721 S.W.2d 953, 954–55 (Tex. App.-Tyler 1986, no pet.); *Davenport v. Cabell's, Inc.,* 239 S.W.2d 833, 835 (Tex. Civ.App.-Texarkana 1951, no writ). It follows that the state is required to establish guilt by the greater weight and degree of credible testimony.

 This standard is met when the greater weight of the credible evidence creates a reasonable belief the defendant violated a condition of his or her probation as the state alleged. *Martin v. State,* 623 S.W.2d 391, 393 n. 5 (Tex.Crim.App. [Panel Op.] 1981); *Allbright v. State,* 13 S.W.3d 817, 819 (Tex.App.-Fort Worth 2000, pet. ref'd). In a probation revocation hearing, the trial court is the sole trier of fact. *Jones v. State,* 787 S.W.2d 96, 97 (Tex. App.-Houston [1st Dist.] 1990, pet. ref'd). The trial court also determines the credibility of the witnesses and the weight to be given their testimony. *Id.* It may accept or reject any or all of the witnesses' testimony. *Mattias v. State,* 731 S.W.2d 936, 940 (Tex.Crim.App.1987). Therefore, we will examine the evidence in the light most favorable to the trial court's order revoking probation. *See Jackson v. State,* 645 S.W.2d 303, 305 (Tex.Crim.App.1983). Any other type of review would effectively attenuate the trial court's discretion.

 When the state's proof of any of the alleged violations of probation is sufficient to support a revocation of probation, the revocation should be affirmed. *Stevens v. State,* 900 S.W.2d 348, 351 (Tex. App.-Texarkana 1995, pet. ref'd). Therefore, we only need to find one allegation where the State proved by a preponderance of the evidence that the terms of probation were violated. Examined in the light most favorable to the trial court's order revoking probation, all of the allegations found true by the trial court that T.R.S. violated his probation were proven by the greater weight of the credible evidence. Since we only need to find one sufficient allegation, we will only discuss one.

Allegation nine alleged T.R.S. failed to faithfully attend school each school day during the school year, in violation of condition ten of his probation. At the hearing on this matter, the assistant principal at Gilmer Junior High testified T.R.S. was absent from school a number of days in January, February, March, April, and all of May 2001. These allegations were not controverted, nor was error as to this allegation contended by T.R.S. on appeal.

We, therefore, find no error and affirm the judgment.