NO. 07-07-0312-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 24, 2008
_____

IN THE MATTER OF A.G.N., A CHILD
_____

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

SITTING AS A JUVENILE COURT

NO. 9084-J#1; HONORABLE W. F. ROBERTS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

A.G.N., a juvenile, appeals an order of commitment to the Texas Youth Commission ("TYC"). We agree with appointed counsel's conclusion the record fails to show any arguably meritorious issue which would support the appeal, and affirm the juvenile court's judgment.

On June 22, 2007, A.G.N. was committed to TYC by indeterminate order modifying disposition. Tex. Fam. Code Ann. § 54.05 (Vernon Supp. 2006). His trial counsel filed a notice of appeal on July 9, 2007, and was thereafter granted leave to withdraw from the representation. On August 7, 2007, the juvenile court denied the application of A.G.N.'s

mother for court-appointed counsel. Finding no indication that A.G.N. subsequently received appointed or retained appellate counsel, we abated and remanded this cause to the juvenile court, in part, for a determination of whether A.G.N. was entitled to appointed counsel.[1] Thereafter, counsel was appointed to represent appellant in this appeal.[2]

Appellant's appointed appellate counsel has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re D.A.S.,* 973 S.W.2d 296 (Tex. 1998) (finding procedures enumerated in *Anders* apply to juvenile matters), in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of the cases, there is no reversible error or legitimate grounds on which a non-frivolous appeal can arguably be predicated. The brief discusses in detail the procedural history, facts, and law applicable to this matter. Counsel also notes a potential issue on which error may lie but, with reference to supporting law, concludes the record does not support an appeal. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant,[3] and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–

[1] *In re A.G.N.,* No. 07-07-0312-CV, 2007 WL 2819671 (Tex.App.–Amarillo September 28, 2007) (mem. op.).

[2] After conducting a hearing to determine appellant's indigency, the juvenile court determined appellant was not entitled to court-appointed counsel. Thereafter, on October 2, 2007, the juvenile court determined that appellant's mother had failed to employ an attorney since being ordered to do so on August 6, 2007. To expedite this appeal, the juvenile court appointed an attorney to represent appellant in this appeal.

[3] Counsel has also sent a copy of the motion to withdraw and brief to appellant's mother.

Waco 1994, pet. ref'd). By letter, this Court also notified appellant's mother of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Neither appellant nor his mother have filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the juvenile court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Appellate counsel points to one ground on which an arguably meritorious argument may lie on appeal. Counsel notes potential legal and factual insufficiency of the evidence to support the juvenile court's modification of its original disposition. After a complete review of the record, however, we agree with appellate counsel that the grounds identified do not arguably support an appeal.

The evidence in the record demonstrates that appellant was originally adjudicated for aggravated sexual assault of a child and was placed on probation, subject to certain terms and conditions, including the successful completion of a program at a facility outside his home. Appellant was subsequently placed at Pegasus School, Inc. After appellant was

unsuccessfully discharged[4] from this facility, the State moved to modify the disposition.[5] The record reflects that at the time of the disposition hearing, appellant was unable to abide by the rules in several facilities, even those of a highly structured nature. The record also shows that appellant lacked family support with regard to his treatment needs and appellant's mother was uncooperative with efforts to place appellant in less restrictive environments.

Juvenile courts are vested with broad discretion in determining the suitable disposition of children found to have engaged in delinquent conduct. *In re E.R.L.,* 109 S.W.3d 123, 128 (Tex.App.–El Paso 2003, no pet.); *In re T.R.S.,* 115 S.W.3d 318, 320 (Tex.App.–Texarkana 2003, no pet.). This is particularly true in hearings to modify disposition. *Id.* An abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *In re E.R.L.,* 109 S.W.3d at 128. *See also In re J.R.C.,* 236 S.W.3d 870, 875 (Tex.App.–Texarkana 2007, no pet.). Our review of the trial court is informed by the explicit considerations put forth in section 54.04(i) of the Family Code. *See* Tex. Fam. Code Ann. § 54.04(i) (Vernon

---

[4] Appellant was placed at Pegasus School, Inc. on February 27, 2007, and was discharged unsuccessfully on March 27, 2007. Appellant was discharged because he was disruptive, violent, ran away on two occasions, and engaged in physical altercations and assaults on staff members and peers.

[5] The hearing on the State's motion commenced on April 16, 2007. At the close of that hearing, the juvenile court directed further inquiry be made into alternative placements for appellant as the juvenile court was concerned about placing him in Texas Youth Commission. The hearing continued on June 22, 2007, during which the juvenile court found that a modification of the prior disposition was appropriate. Finding placement outside his home was necessary and reasonable efforts were made to eliminate or prevent that need, the juvenile court placed appellant in TYC for an indeterminate period of time not to exceed appellant's 19th birthday.

2007). We note also that where the underlying offense was aggravated assault of a child, as here, commitment to TYC is authorized. Tex. Fam. Code Ann. § 54.05(f) (Vernon 2007). The evidence in the record before us is sufficient to support the juvenile court's modification of the disposition order.

Our review convinces us that appellate counsel conducted a complete review of the record for this cause. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal from the juvenile court's order modifying its original disposition. We agree the record presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the juvenile court._____

James T. Campbell
Justice