**Opinion filed April 15, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00170-CV

_____

## IN THE MATTER OF R.L.S., A JUVENILE

**On Appeal from the County Court at Law**

**Midland County, Texas**

**Trial Court Cause No. 5608**

### M E M O R A N D U M   O P I N I O N

The trial court modified R.L.S.'s disposition and committed her to the Texas Youth Commission.  We affirm.

### I. *Background Facts*

R.L.S. was placed on delinquency probation for assault on a public servant and failure to identify.  The State filed a motion to modify disposition, alleging that R.L.S. had stolen clothing from a Sears Department Store and had failed to comply with the terms and conditions of her probation by not reporting to her probation officer, being absent without permission from school, going to the Midland Park Mall without adult supervision, and not participating in the female offender program.  The trial court found that R.L.S. had engaged in further delinquent conduct by stealing clothing and by not complying with the terms and conditions of her probation.  The trial court committed R.L.S. to the Texas Youth Commission.

## II. *Issues*

R.L.S. asserts that the evidence was legally insufficient to sustain the trial court's order because the State failed to prove ownership of the clothing.

## III. *Legal Sufficiency*

We review a trial court's modification of a juvenile disposition under an abuse of discretion standard. *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). We examine the entire record to determine whether the trial court acted "unreasonably or arbitrarily or without reference to any guiding rules or principles." *In re D.R.*, 193 S.W.3d 924, 924 (Tex. App.—Dallas 2006, no pet.). Because a trial court is in the best position to judge the credibility and demeanor of witnesses, great deference should be given to the court's decision. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The violation of one condition of probation when shown by a preponderance of the evidence is sufficient to support a trial court's decision to modify disposition. *In re T.R.S.*, 115 S.W.3d at 321.

The State alleged, and the trial court found, that R.L.S. unlawfully appropriated clothing worth between $50 and $500 without the effective consent of Adam White, the Sears Loss Prevention Manager. Theft occurs when a person unlawfully appropriates property with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2009). Appropriation is unlawful if it is without the owner's effective consent. Section 31.03(b)(1). An owner is a person who has title to the property, possession of the property whether lawful or not, or a greater right to possession of the property than the actor. TEX. PENAL CODE ANN. § 1.07(a)(35) (Vernon Supp. 2009). Possession means actual care, custody, control, or management. Section 1.07(a)(39). Exclusive control of the property need not be vested in the owner. *Turner v. State*, 636 S.W.2d 189, 193 (Tex. Crim. App. 1982). Anyone who had a greater right to possess, control, or manage the stolen property than appellant could be alleged as the owner of the property. *Long v. State*, 7 S.W.3d 316, 320 (Tex. App.—Beaumont 1999, no pet.). Proof of ownership may be made by direct or circumstantial evidence. *Robertson v. State*, 871 S.W.2d 701, 707 (Tex. Crim. App. 1993).

When the property stolen is the property of a corporation, it is permissible to allege ownership in some natural person acting for the corporation such as an employee who has care, custody, and control of the property. *Harrell v. State*, 852 S.W.2d 521, 523 (Tex. Crim. App. 1993). It is the employment relationship that determines whether a given individual can be a

2

"special owner" of the property. *Cross v. State*, 590 S.W.2d 510, 511 (Tex. Crim. App. 1979). A person acting on behalf of a corporation, with managerial authority and responsibility over its goods, is the effective owner. *Johnson v. State*, 606 S.W.2d 894, 896 (Tex. Crim. App. 1980).

R.L.S. argues that there is legally insufficient evidence that White was an owner. Victoria Olgin, a Loss Prevention Detective for Sears, testified for the State. Olgin was operating the security cameras when two females walked into the junior department. Olgin was also employed as a juvenile detention officer at Culver Detention Center, and she recognized R.L.S. as one of the two females. Olgin observed them select merchandise, walk to the children's department, and go into the dressing rooms. Olgin suspected theft when they came out without all of the merchandise, and she detained them. R.L.S. asked Olgin to let them go, but Olgin refused and held them until a police officer arrived. The officer searched their bags and found merchandise with Sears tags in R.L.S.'s bag. R.L.S. did not have a receipt for this merchandise.

Olgin testified that White was her previous manager; that he was no longer employed by Sears; but that, on the day of the incident, he was the Loss Prevention Manager. Olgin testified that R.L.S. did not have permission from Sears to take the merchandise and that R.L.S. did not pay for it. The trial court did not abuse its discretion by finding that R.L.S. had committed further delinquent conduct. Olgin's testimony is sufficient to establish that White was a Sears manager on the date of the shoplifting incident and, therefore, sufficient to establish that he was a special owner.

We note also that the trial court specifically found that R.L.S. had failed to report to her probation officer four times, had four unexcused absences from school, was truant from school twice, had improperly gone to the mall without supervision, and had failed to attend the female offender program three times. R.L.S. does not challenge any of these findings. Each of them is sufficient to justify the trial court's disposition.

## IV. *Holding*

The order of the trial court is affirmed.

April 15, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

RICK STRANGE

JUSTICE