Opinion filed April 15,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00170-CV

                                                    __________

 

                         IN
THE MATTER OF R.L.S., A JUVENILE



 

                                  On
Appeal from the County Court at Law

 

                                                          Midland
County, Texas

 

                                                       Trial
Court Cause No. 5608

 



 

M E M O R A N D U M   O P I N I O N

            The trial court
modified R.L.S.’s disposition and committed her to the Texas Youth Commission. 
We affirm.

I. Background
Facts

R.L.S.
was placed on delinquency probation for assault on a public servant and failure
to identify.  The State filed a motion to modify disposition, alleging that
R.L.S. had stolen clothing from a Sears Department Store and had failed to
comply with the terms and conditions of her probation by not reporting to her probation
officer, being absent without permission from school, going to the Midland Park
Mall without adult supervision, and not participating in the female offender program. 
The trial court found that R.L.S. had engaged in further delinquent conduct by
stealing clothing and by not complying with the terms and conditions of her
probation.  The trial court committed R.L.S. to the Texas Youth Commission.

II. Issues

R.L.S. asserts that the evidence was legally insufficient
to sustain the trial court’s order because the State failed to prove ownership
of the clothing.

III. Legal Sufficiency

We review a trial court’s
modification of a juvenile disposition under an abuse of discretion standard.  In
re T.R.S., 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.).  We
examine the entire record to determine whether the trial court acted “unreasonably
or arbitrarily or without reference to any guiding rules or principles.”  In
re D.R., 193 S.W.3d 924, 924 (Tex. App.—Dallas 2006, no pet.).  Because a
trial court is in the best position to judge the credibility and demeanor of
witnesses, great deference should be given to the court’s decision.  Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  The violation of one
condition of probation when shown by a preponderance of the evidence is
sufficient to support a trial court’s decision to modify disposition.  In re
T.R.S., 115 S.W.3d at 321.

The State alleged, and the
trial court found, that R.L.S. unlawfully appropriated clothing worth between
$50 and $500 without the effective consent of Adam White, the Sears Loss
Prevention Manager.  Theft occurs when a person unlawfully appropriates
property with the intent to deprive the owner of the property.  Tex. Penal Code Ann. § 31.03(a) (Vernon
Supp. 2009). Appropriation is unlawful if it is without the owner’s effective
consent. Section 31.03(b)(1). An owner is a person who has title to the
property, possession of the property whether lawful or not, or a greater right
to possession of the property than the actor. Tex.
Penal Code Ann. § 1.07(a)(35) (Vernon Supp. 2009).  Possession means
actual care, custody, control, or management.  Section 1.07(a)(39).  Exclusive
control of the property need not be vested in the owner. Turner v. State,
636 S.W.2d 189, 193 (Tex. Crim. App. 1982). Anyone who had a greater right to
possess, control, or manage the stolen property than appellant could be alleged
as the owner of the property.  Long v. State, 7 S.W.3d 316, 320 (Tex. App.—Beaumont
1999, no pet.).  Proof of ownership may be made by direct or circumstantial
evidence. Robertson v. State, 871 S.W.2d 701, 707 (Tex. Crim. App. 1993).

When the property stolen is the property of a corporation, it
is permissible to allege ownership in some natural person acting for the
corporation such as an employee who has care, custody, and control of the
property.  Harrell v. State, 852 S.W.2d 521, 523 (Tex. Crim. App. 1993).
 It is the employment relationship that determines whether a given individual
can be a “special owner” of the property.  Cross v. State, 590 S.W.2d
510, 511 (Tex. Crim. App. 1979).  A person acting on behalf of a corporation,
with managerial authority and responsibility over its goods, is the effective
owner.  Johnson v. State, 606 S.W.2d 894, 896 (Tex. Crim. App. 1980).

R.L.S. argues that there is
legally insufficient evidence that White was an owner. Victoria Olgin, a Loss
Prevention Detective for Sears, testified for the State.  Olgin was operating
the security cameras when two females walked into the junior department.  Olgin
was also employed as a juvenile detention officer at Culver Detention Center,
and she recognized R.L.S. as one of the two females.  Olgin observed them
select merchandise, walk to the children’s department, and go into the dressing
rooms.  Olgin suspected theft when they came out without all of the merchandise,
and she detained them.  R.L.S. asked Olgin to let them go, but Olgin refused
and held them until a police officer arrived.  The officer searched their bags
and found merchandise with Sears tags in R.L.S.’s bag.  R.L.S. did not have a
receipt for this merchandise.

Olgin testified that White
was her previous manager; that he was no longer employed by Sears; but that, on
the day of the incident, he was the Loss Prevention Manager.  Olgin testified
that R.L.S. did not have permission from Sears to take the merchandise and that
R.L.S. did not pay for it.  The trial court did not abuse its discretion by
finding that R.L.S. had committed further delinquent conduct.  Olgin’s
testimony is sufficient to establish that White was a Sears manager on the date
of the shoplifting incident and, therefore, sufficient to establish that he was
a special owner.

We note also that the trial
court specifically found that R.L.S. had failed to report to her probation officer
four times, had four unexcused absences from school, was truant from school
twice, had improperly gone to the mall without supervision, and had failed to
attend the female offender program three times.  R.L.S. does not challenge any
of these findings.  Each of them is sufficient to justify the trial court’s
disposition.

IV. Holding

The
order of the trial court is affirmed.

 

April 15, 2010                                                                         RICK
STRANGE

Panel consists of:  Wright, C.J.,                                                          JUSTICE

McCall, J., and Strange, J.