

In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00172-CR
_____

CHARLES EUGENE ORANGE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 34849-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

After his conviction by jury for indecency with a child[1] in 2008, Charles Eugene Orange was sentenced to five years' incarceration.[2] Orange's sentence was suspended, and he was placed on community supervision for a period of ten years, commencing in April 2010.[3] The following month, the State filed an application for revocation of community supervision, alleging Orange failed to comply with sex offender registration requirements, as set forth in Chapter 62 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 62.055 (West Supp. 2011). After a hearing, the trial court revoked Orange's community supervision.

In a single appellate issue, Orange argues the trial court erred in revoking his community supervision. He asserts the State failed to prove, by a preponderance of the evidence, that he violated the community supervision order by failing to report a change of address. *See id.* Finding no abuse of discretion, we affirm the judgment of the trial court.

## I.      Standard of Review

A trial court's decision to revoke community supervision is reviewed for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court's discretion is limited by a showing that the defendant violated a condition of community supervision imposed by the court. *DeGay v. State*, 741 S.W.2d 445, 449 (Tex. Crim. App.

---

[1]TEX. PENAL CODE ANN. § 21.11 (West 2011).

[2]Orange's conviction was affirmed by this Court in 2009. Our mandate issued in April 2010.

[3]The trial court ordered Orange to post bond pending appeal in the amount of $50,000.00 or, alternatively, Orange could begin serving the terms of his community supervision. Orange appealed from the bond order. This Court affirmed as to the amount of the bond, but vacated the order requiring community supervision in lieu of bond. Orange was therefore placed on community supervision in April 2010, when the mandate (following the appeal of his conviction) issued.

1987). Said another way, the State must prove every element of at least one ground for revocation by a preponderance of the evidence. *In re T.R.S*., 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). When the greater weight of the credible evidence creates a reasonable belief the defendant violated a condition of his or her community supervision, the State has carried its burden. *Id*. at 321. We examine the evidence in a light most favorable to the trial court's order. *Id.*

## II.     No Abuse of Discretion in Revoking Community Supervision

Article 62.055(a) of the Texas Code of Criminal Procedure provides:

> If a person required to register under this chapter intends to change address, . . . the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority by the department and to the . . . community supervision . . . officer supervising the person and provide the authority and the officer with the person's anticipated move date and new address.

TEX. CODE CRIM. PROC. ANN. art. 62.055(a). The State's application for revocation of community supervision alleged that Orange violated the condition of his community supervision that he commit no offense against the laws of Texas because, as a person with a reportable conviction for indecency with a child, he was required to comply with the registration requirements of Chapter 62. The State alleged Orange "did intentionally or knowingly, or recklessly fail to report, in person, to . . . the Gregg County Sherriff's [sic] Department, . . . and provide [his] anticipated move date and the new address anticipated . . . not later than the seventh day before the intended change."

3

When Orange was placed on community supervision in April 2010, he listed his address as 1612 Post Oak Road, Kilgore. This residence is a duplex, owned by Rudolph McAfee. McAfee rented the duplex to Coretta Robinson, and while it was not uncommon for Robinson to have people stay with her, McAfee did not recall seeing Orange at the residence. McAfee found the duplex vacant on April 8, 2010; it remained unoccupied for approximately a month thereafter, while McAfee cleaned and repaired the premises.

Rex Fennell was Orange's sex offender community supervision officer. When Orange was placed on community supervision, he advised Fennell that his residence was 1612 Post Oak Road. When Orange reported to Fennel on April 29, Orange indicated the Post Oak Road residence was no longer available to him and that he was "bouncing around" between relatives' homes. Orange did not provide Fennell with a new address because he did not have a permanent residence. Fennell reminded Orange to report to Cecil Shelton at the Gregg County Sheriff's Office to advise he was no longer at the Post Oak Road address and to provide Shelton a new address within seven days.

Orange reported to Fennell again on May 6 that he was still between homes and that he had not notified Shelton of a change of residence. Fennell advised Orange to "walk across the street and go straight to the sheriff's office right now," because Orange was not in compliance with sex offender registration requirements. On May 7, when Fennell called Shelton to determine if Orange reported a change of address, Shelton indicated that Orange had not done so. On May 10, Fennell visited the Post Oak Road residence, where he found the front door open, a side window open, and the property otherwise vacant. Fennell again checked with Shelton, who

4

had not heard from Orange. Fennell then checked with the Kilgore Police Department and learned that Orange had not registered there, either.

Under the terms of his community supervision, Orange was required to report any change of address to Shelton, an investigator with the Gregg County Sheriff's Department. Shelton reviewed the registration requirements with Orange when he was initially placed on community supervision, and Orange indicated that he understood those requirements.

In early May, Fennell advised Shelton that Orange no longer lived at the residence on Post Oak Road. Thereafter, Shelton visited the residence, only to find it vacant. Orange did not notify Shelton of his move from this location.

Orange testified that when he registered with the Gregg County Sheriff's Office, he listed 1612 Post Oak Road as his residence,[4] where he had been living since July 2009. Orange and his brother, LaMarcus Smith, were the sole occupants of the residence, save for a brief period in March 2010 when Robinson lived there. Orange never had a key to the residence.

Orange was not present at the residence for two days in May 2010, because he was looking for a job. When Orange returned to the residence, Robinson had removed all of the furnishings. Robinson, however, left Orange a note on the front steps indicating he could stay at the residence until the first of June 2010. Orange testified that he remained at the Post Oak Road residence after Robinson moved out in May. He never saw McAfee at any time.

---

[4]Orange initially registered with the Gregg County Sheriff's Office in December 2009, prior to this Court's opinion vacating the order requiring community supervision in lieu of bond. No complaint is made that neither Shelton nor Fennell reviewed the registration requirements with Orange a second time when he was placed on community supervision in April 2010.

Orange denied telling Fennell on April 29 and on May 6 that his residence was no longer available to him and that he was living with various relatives. On the sole occasion Orange discussed his living arrangements with Fennell, Orange merely indicated that he was having trouble getting in and out of the residence, where he continued to live until May 2010. Orange acknowledges that Fennell advised him, in the event he moved, to inform Shelton of his change of address. Orange explained that he did not notify Shelton of a change of address because he never moved from the Post Oak Road residence. Orange was arrested on May 13, 2010, for violation of his reporting requirements.

In revocation proceedings, the trial court is the sole trier of the facts and determines the credibility of the witnesses and the weight to be given to the testimony. *T.R.S.*, 115 S.W.3d at 321; *Lee v. State*, 952 S.W.2d 894, 897 (Tex. App.—Dallas 1997, no pet.). The court may accept or reject any or all of a witness' testimony. *T.R.S.*, 115 S.W.3d at 321. Here, the evidence is conflicting. The trial court was free to believe the testimony of McAfee, the owner of the duplex, of Fennel, the community supervision officer, and of Shelton, the sex offender registration officer. Moreover, the trial court was free to reject Orange's testimony. *See Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1981). Indeed, this proved to be the case. The trial court indicated, when sentence was pronounced,

> There seems to be no dispute, based on the testimony, that Mr. Orange was residing at 1612 Post Oak in Kilgore, Gregg County, Texas, on the date that he was formally placed on probation, April 19th, 2010.
>
> . . . .

6

To believe Mr. Orange, I have to believe that Mr. Fennell misunderstood him both on April 29th and on May 6th. I basically have to believe that Mr. Fennell committed perjury on this witness stand, to believe Mr. Orange. . . .

. . . .

I find the testimony of Mr. McAfee, Mr. Fennell, . . . and Investigator Shelton to be credible . . . .

Based on the foregoing evidence, the trial court reasonably could have found by a preponderance of the evidence that Orange was no longer living at the Post Oak Road address and that he violated a term of his community supervision order by failing to notify Shelton of his change of address.

We overrule Orange's sole issue.

## III.   Conclusion

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:      May 30, 2012
Date Decided:        May 31, 2012

Do Not Publish

7