

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00150-CR

WILLIAM BRYAN UNDERWOOD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 3rd District Court
Anderson County, Texas
Trial Court No. 30938

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

William Bryan Underwood was placed on five years' deferred adjudication community supervision in Anderson County[1] after he pled guilty to credit card or debit card abuse. A term of Underwood's community supervision, as set forth in the trial court's June 11, 2012, order, required him to complete 250 hours of community service at a rate of at least five hours of community service per week.[2] Underwood's community supervision has been revoked and his guilt adjudicated because the trial court found that he failed to perform the required community service.[3] We modify the judgment to reflect Underwood's plea of "not true" to the State's motion to adjudicate and affirm the judgment as modified, because (1) Underwood pled "not true" and (2) sufficient evidence supports the adjudication and revocation.

*(1)    Underwood Pled "Not True"*

Although the reporter's record establishes that Underwood pled "not true" to the allegations in the State's motion to proceed with adjudication, the trial court's judgment recites that Underwood pled "true." The Texas Rules of Appellate Procedure give this Court authority to reform judgments and correct typographical errors to make the record speak the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Gray v. State*, 628

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]The terms and conditions of Underwood's community supervision also required him to attend and successfully complete a drug-offender-education program within 180 days of the June 11, 2012, order.

[3]The trial court revoked Underwood's community supervision, adjudicated him guilty of the underlying offense, and sentenced him to two years' confinement in a state jail facility. The trial court also found that Underwood failed to complete the drug-offender-education program.

S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd).  We hereby modify the trial court's judgment to reflect that Underwood pled "not true" to the allegations in the State's motion to adjudicate his guilt.

*(2)*     *Sufficient Evidence Supports the Adjudication and Revocation*

Underwood complains that the evidence was insufficient to support the adjudication of guilt.  We disagree.

We review a decision to adjudicate guilt in the same manner as we review a decision to revoke community supervision—for abuse of discretion.  TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2013); *Little v. State*, 376 S.W.3d 217, 219 (Tex. App.—Fort Worth 2012, pet. ref'd) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)); *see In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.).  In a revocation hearing, the trial court is the sole trier of the facts and determines the credibility of the witnesses and the weight given to their testimony.  *T.R.S.*, 115 S.W.3d at 321.  A trial court's decision to revoke community supervision is examined in the light most favorable to the trial court's order. *Id.*

To revoke community supervision, the State must prove by a preponderance of the evidence every element of at least one ground for revocation.  TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11 (West Supp. 2013); *T.R.S.*, 115 S.W.3d at 320.  Here, if the greater weight of credible evidence created a reasonable belief that Underwood violated a single ground for revocation, then an abuse of discretion has not been shown.  *See Sanchez v. State*, 603 S.W.2d

3

869, 871 (Tex. Crim. App. [Panel Op.] 1980); *T.R.S.*, 115 S.W.3d at 321 (citing *Stevens v. State*, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref'd)).

David Purcell, Underwood's community supervision officer, testified that Underwood was provided with a copy, and affirmed his understanding, of the terms and conditions of his deferred adjudication community supervision. According to Purcell, Underwood did not meet the requirement in the court's June 2012 order that he perform five hours of community service per week.

Underwood self-reported his completed community service hours on a form he completed and signed each month. Underwood's June 2012 self-report form reflects zero completed community service hours for that month. While Underwood claimed that he completed over forty hours of community service for the month of July 2012, which was twice the amount required, he also reported a total of six hours completed in August 2012 and five hours completed in October 2012, both well short of the requirement. As the trial court noted, Underwood's own reporting established that he violated the condition that he perform a minimum of five community service hours per week.

Purcell testified that Underwood's self-reporting was unreliable and that Underwood's official community service record reflected the following hours completed in 2012: zero hours in June, six hours in July, sixteen hours in August, zero hours in September, zero hours in October,[4] zero hours in November, and zero hours in December.[5]

---

[4]There was evidence that Underwood was arrested for another offense October 23, 2012.

[5]Ricky Baker, the Community Service Coordinator, testified that the official report was derived from time sheets, which were used to either corroborate or disprove Underwood's self-reported community service hours.

4

Both Underwood's own reporting and the official record of his community service hours established that he failed to perform at least five hours of community service per week.[6] Therefore, the trial court did not abuse its discretion by concluding that the State met its burden to prove, by a preponderance of the evidence, that Underwood violated at least one of the terms and conditions of his community supervision.

The evidence was sufficient to support the trial court's decision to revoke Underwood's community supervision and adjudicate guilt. We overrule Underwood's point of error.

We affirm the trial court's judgment, as modified.

                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:        February 25, 2014
Date Decided:          April 11, 2014

Do Not Publish

---

[6]Purcell also testified that Underwood did not complete the drug-offender-education program. Underwood argues that it is possible that he was not admitted into the program because he failed to pay the $5.00 fee for a substance abuse evaluation. Purcell testified that he did not know why Underwood failed to attend and complete this class. Although he stated that a failure to pay the fee would prohibit someone from attending the class, Purcell did not clarify what fee was required to attend the drug-offender-education program. In any event, we need not address Underwood's complaint regarding his failure to attend the drug-offender-education program because we find the evidence sufficient to support the trial court's finding that he failed to complete his community service as required by the June 11, 2012, order.

5