

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00103-CR
_____

JARED GALEN STOMBAUGH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 34909CR

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Jared Galen Stombaugh pled guilty to possessing less than one gram of heroin, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.). Pursuant to a plea-bargain agreement with the State, Stombaugh was placed on deferred adjudication community supervision for two years. After the State alleged that Stombaugh used fentanyl, heroin, and THC, the trial court modified the terms and conditions of Stombaugh's community supervision by confining him to a substance abuse felony punishment facility (SAFPF). The trial court also ordered Stombaugh to "obey all rules and regulations of said facility and participate in all treatment programs required by said facility." The State moved to adjudicate Stombaugh's guilt on the allegation that he "was unsuccessfully discharged from" the SAFPF "for receiving a TDC case for threatening to inflict harm on an officer." After finding the allegation true, the trial court adjudicated Stombaugh's guilt and sentenced him to eighteen months' confinement in state jail.

On appeal, Stombaugh argues that the trial court abused its discretion by adjudicating his guilt because the State did not offer evidence of the rules or regulations of the SAFPF. We interpret Stombaugh's argument as raising a question on the sufficiency of the evidence to support the revocation. Because we find that the State proved that Stombaugh violated a term and condition of his deferred adjudication community supervision by a preponderance of the evidence, we affirm the trial court's judgment.

## I.      Standard of Review

"We review a decision to adjudicate guilt in the same manner as we review a decision to revoke community supervision—for abuse of discretion." *Hammack v. State*, 466 S.W.3d 302, 304 (Tex. App.—Texarkana 2015, no pet.); *see Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.)). A "trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his or her community supervision." *Lively*, 338 S.W.3d at 143 (citing *Rickels*, 202 S.W.3d at 763–64; *In re T.R.S.*, 115 S.W.3d at 320).

"In conducting our review, we view the evidence in the light most favorable to the trial court's ruling." *Id.* (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *In re T.R.S.*, 115 S.W.3d at 321).

## II.      The Evidence at the Adjudication Hearing

Derrick Bercher, with the Hunt County Community Supervision and Corrections Department, testified that Stombaugh was confined to a SAFPF as a modified term and condition of his deferred adjudication community supervision. Bercher testified that Stombaugh "went to the East Texas [SAFPF] on October 24[,] 2024," but did not "successfully complete the program." According to Bercher, the SAFPF contacted him in February 2025 to report "the violations that Mr. Stombaugh had completed while he was at the [SAFPF]."

3

Bercher testified that he invited Stombaugh to "a treatment team meeting, between [Bercher] and the staff there at the facility," but Stombaugh did not participate in the meeting. As a result, the meeting yielded a recommendation of "[p]rogram removal" from the SAFPF. According to Bercher, the SAFPF's "final removal report" "listed all the TDC cases against him." Bercher expressly clarified that Stombaugh was removed from the SAFPF "for violation of the rules and regulations," "specifically for threatening an officer." Also, Stombaugh testified to the following:

> Q. [BY THE STATE:] Let's talk about what happened in [the SAFPF]. From your perspective, why were you kicked out of the program?
>
> A. I'm not sure, to be honest.
>
> Q. You received some cases, is that right?
>
> A. Yeah.

After hearing this evidence, the trial court found the State's allegation true.

## III. The Trial Court Did Not Abuse Its Discretion by Adjudicating Stombaugh's Guilt

Proof by a preponderance of the evidence as to an alleged violation of a condition of community supervision is sufficient to support a trial court's decision to revoke community supervision and adjudicate guilt. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Here, the State alleged that Stombaugh violated the condition of his community supervision that required him to "obey all rules and regulations of said facility and participate in all treatment programs required by said facility." The State alleged that Stombaugh violated the condition by being unsuccessfully discharged "for receiving a TDC case for threatening to inflict harm on an officer."

4

Here, a sealed copy of Stombaugh's "SAFPF PROGRESS REPORT" was filed with the trial court. Bercher and Stombaugh noted the existence of "TDC cases" against Stombaugh. Although Stombaugh is correct that the State did not offer the text of the rules and regulations of the SAFPF into evidence, Bercher's testimony was sufficient to show, by a preponderance of the evidence, that Stombaugh violated the rules and regulations of the SAFPF and was discharged by the SAFPF "specifically for threatening an officer." Further, in addition to Bercher's testimony, the trial court could "use common sense and apply common knowledge" to conclude that threating an officer was against the rules and regulations of the SAFPF. *See Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014).

After reviewing the evidence in the light most favorable to the trial court's decision, we find that the trial court did not abuse its discretion by adjudicating Stombaugh's guilt.

## IV. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     December 29, 2025
Date Decided:       December 30, 2025

Do Not Publish