

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00158-CR

SEMAJ MILAN YRNAH SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2
Hunt County, Texas
Trial Court No. cr1300648

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# M E M O R A N D U M   O P I N I O N

Semaj Milan Yrnah Smith pled guilty to the offense of possession of less than two ounces of marihuana and was sentenced to 180 days' confinement in the Hunt County Jail. However, the trial court suspended Smith's sentence, placed him on community supervision for a period of twelve months, and ordered him to pay a $750.00 fine, $297.00 in court costs, and $610.00 in attorney fees for his court-appointed counsel. After Smith pled "true" to the State's allegations that he had violated several terms and conditions of his community supervision, the trial court revoked Smith's community supervision and ordered him to serve the 180-day sentence originally imposed for the underlying offense. Smith appeals the trial court's judgment of revocation on the ground that his counsel rendered ineffective assistance. Because we find that Smith did not meet his burden of showing that counsel was ineffective, we affirm the trial court's judgment.

## I.  Standard of Review

To show ineffective assistance of counsel, a defendant must demonstrate both (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009). Failure to make either one of these required showings defeats an ineffectiveness claim. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006).

Ineffective assistance of counsel claims cannot be predicated on speculation or conjecture; rather, such claims must be firmly founded in the record. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Wallace v. State*, 75 S.W.3d 576, 589 (Tex. App.—Texarkana 2002), *aff'd*, 106 S.W.3d 103 (Tex. Crim. App. 2003). Smith bears the burden of proving by a preponderance of the evidence that counsel was ineffective, and the appellate record filed in this Court must affirmatively demonstrate the alleged ineffectiveness. *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813; *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). Rarely will a reviewing court be provided a record on direct appeal that allows for a comprehensive evaluation of the merits of an ineffective assistance of counsel claim. *Thompson*, 9 S.W.3d at 813. "In the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect" the reasoning of trial counsel. *Id.* at 813–14.

## II. Ineffective Assistance of Counsel Was Not Shown

### A. Factual Background

The State filed a motion to revoke Smith's community supervision alleging the following violations of his terms and conditions: (1) failure to pay court costs and fines as required, (2) failure to pay community supervision fees, (3) failure to satisfy community service requirements, (4) failure to participate in court-ordered drug-offender education, (5) testing positive for cocaine and marihuana on April 28, 2014, and (6) using cocaine and marihuana on

May 12, 2014.[1]  At the revocation hearing, Smith pled true to all of the State's revocation allegations.  Consequently, the trial court revoked Smith's community supervision and sentenced him to 180 days' confinement in the Hunt County Jail for the underlying offense.

**B.      The First *Strickland* Prong**

With respect to the first *Strickland* prong, there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that the challenged

---

[1]More specifically, the State alleged that Smith violated the following terms and conditions of his community supervision:

2.       Defendant shall avoid injurious or vicious habits; abstain from the use of alcoholic beverages; abstain from the use of narcotic or habit forming drugs without a doctor's prescription.

. . . .

10.      Defendant shall pay their fine, if one is assessed, and the costs of Court, in one or several sums, and make restitution in any sum the Court shall determine, to-wit:

| | |
|---|---|
| Court Costs | $297.00 |
| Court Appointed Attorney's Fee | $610.00 |
| Fine | $750.00 |
| Total | $_____ |

The above unpaid total is to be paid in payments of $_____ each month until fully paid, to the Hunt County Community Supervision Office.  The first monthly payment shall begin on _____, 200_.  Each monthly payment shall be made by the ___ day of each month thereafter. . . .

11.      Defendant shall pay $60.00 per month community supervision fee to the Community Supervision and Corrections Department on or before the 7th day of each month hereafter during the entire period of community supervision.  Payments may be made by cash, cashier's check, or money order (no personal checks).

12.      Defendant shall perform 60 hours of Community Service Restitution at a governmental, charitable, or non-profit organization as assigned by the Community Supervision Officer in charge of the case, at a rate of no less than 10 hours per month, beginning within thirty (30) days of today's date and be responsible for any costs of supervision.

. . . .

30.      Successfully complete a TCADA approved Texas Drug Offender Education Program within 180 days of Judgment.

action could be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Ex parte White*, 160 S.W.3d 46, 51 (Tex. Crim. App. 2004); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Therefore, we will not second-guess the strategy of Smith's trial counsel through hindsight. *See Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); *Hall v. State*, 161 S.W.3d 142, 152 (Tex. App.—Texarkana 2005, pet. ref'd).

On appeal, Smith argues that his counsel was ineffective in two ways. Smith's first argument is based on the fact that the tenth term and condition of the trial court's community supervision order left blank the spaces that should have instructed Smith when and in what amount to pay the assessed court costs, fine, and attorney fees. Smith claims that his trial counsel failed to recognize this error before advising him to plead true to the State's allegation that he violated the tenth term of his community supervision. Accordingly, Smith argues, counsel's failure to object to the State's motion and his advice that Smith plead true constituted an unprofessional error.

As is typical in ineffective assistance claims raised on direct appeal, the record is devoid of any explanation of counsel's thought processes or the reasoning behind the strategic choices he made in the course of representing Smith. The State's motion to revoke alleged that Smith was required to pay court costs, a fine, and attorney fees at the combined rate of "$277.00 per month with the first said payment being due on or before the 7th day of November 2013."[2] It is entirely possible (1) that the missing terms from the trial court's original community supervision order were included in a subsequent document or (2) that Smith and his counsel were

---

[2]At the revocation hearing, Smith testified that he was employed and could "pay $400 to . . . get all this fee off my back."

otherwise aware of when Smith was supposed to make the $277.00 payment. Therefore, Smith's counsel could have made the strategic decision that an objection to the State's motion to revoke was unnecessary and that it was in Smith's best interest to plead true and ask the trial court to continue his community supervision because the State would be able to prove the allegation.

Second, Smith argues that counsel provided ineffective assistance by failing to challenge the State's laboratory report confirming that Smith tested positive for cocaine and marihuana on April 28, 2014. Specifically, Smith argues that counsel should have retained an expert "to counter the State's contention that [he] used drugs by examining the validity of the [State's laboratory] test." Smith's underlying offense was possession of marihuana, and, in open court, he readily admitted to using marihuana and cocaine while on community supervision for that offense. Because Smith could have admitted the drug use to counsel prior to the revocation hearing, counsel was free to decide that retaining an expert to challenge the State's laboratory report would be futile.

Based on the record before us, we conclude that Smith failed to demonstrate that counsel's performance fell below an objective standard of reasonableness. Thus, we find that Smith failed to establish the first prong of the *Strickland* test.

### C.     The Second *Strickland* Prong

Even if we determined that counsel's actions fell below the standard of prevailing professional norms, Smith would still be required to prove the second prong of the *Strickland* test, the prejudice prong, which requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different.

6

*Strickland*, 466 U.S. at 687–88. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome, meaning that "'counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009) (quoting *Strickland*, 466 U.S. at 687, 684).

To revoke community supervision, the State is only required to prove one ground of revocation by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11 (West Supp. 2014); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). Here, Smith admitted that he violated the terms and conditions of his community supervision by failing to complete court-ordered community service and drug-offender education classes. Because he failed to raise any ground of ineffective assistance or point of error related to these two violations, Smith cannot meet his burden to show that the result of the revocation proceeding would have been different. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *T.R.S.*, 115 S.W.3d at 321 (citing *Stevens v. State*, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref'd)). Accordingly, Smith cannot meet the second prong of the *Strickland* test.

We overrule Smith's point of error complaining of ineffective assistance of counsel.

7

### III. Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     February 20, 2015
Date Decided:       March 17, 2015

Do Not Publish