

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00115-CR

_____

ROGELIO BERNAL SANCHEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 42970-A

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

After Rogelio Bernal Sanchez pled guilty to second-degree-felony possession of a controlled substance, the trial court placed him on ten years' deferred adjudication community supervision. After allegedly violating several of the terms of his community supervision, the State filed a motion to adjudicate Sanchez' guilt. After a hearing on the State's motion, the trial court found the allegations against Sanchez to be true and sentenced him to five years' confinement. Sanchez appeals the judgment of conviction against him, maintaining that the trial court erred in revoking his community supervision because the State failed to prove that it used due diligence in attempting to locate Sanchez. For the reasons below, we affirm the trial court's judgment.

## I.    Background

On January 16, 2014, Sanchez entered an open plea of guilty to possession of a controlled substance. The trial court deferred a finding of guilt and placed Sanchez on deferred adjudication community supervision for a period of ten years. On that same day, the trial court entered an order in which it required Sanchez to, among other things, complete a drug-offender education class, pay supervision fees, court costs, and restitution.[1]

On October 2, 2014, the State filed is application for adjudication of guilt, alleging, among other things, that Sanchez had failed to report to his community supervision officer twice monthly

---

[1]In relevant part, Sanchez was ordered to (1) pay a monthly supervision fee of $60.00, beginning the month of February 2014; (2) pay a fine in the amount of $1,500.00, at the rate of $15.00 per month, beginning the month of February 2014; (3) pay court costs in the amount of $345.00, at the rate of $10.00 per month, beginning the month of February 2014; (4) pay restitution in the amount of $140.00, at a rate of $10.00 per month; (5) report twice a month to his community supervision officer until it was deemed necessary to change, complete drug offender class within 180 days, and pay a crime stopper fee of $50.00 within ninety days; and (6) successfully complete 480 hours of community service work at the rate of four hours a week.

during the months of July and September 2014. In June 2015, Candy Blackburn, a felony community supervision officer with the Gregg County Community Supervision Department, sent Sanchez a letter reminding Sanchez that he needed to pay his fees. In August 2015, Blackburn sent Sanchez another letter notifying him that he had failed to report to the community supervision office. Blackburn mailed the letters to the last known address that Sanchez had given her, and the letters were not returned to the community supervision department. Sanchez never responded to Blackburn's correspondence.

On November 23, 2015, the State filed a subsequent application to adjudicate guilt, alleging, among other things, that Sanchez failed to report and failed to pay his fees, court costs, fines, and restitution as required by the conditions of his community supervision. On that same day, the trial court issued a capias for Sanchez' arrest. On May 8, 2017, Sanchez was arrested in Smith County and returned to Gregg County.

On May 11, 2017, Sanchez filed a motion to dismiss an application to proceed to a guilty finding for failure to exercise due diligence in locating him, arguing that one year and five months had elapsed from the time the State filed its application until the time of his arrest. On May 17, 2017, the State filed an amended application for adjudication of guilt. In addition to its previous allegations against Sanchez, the State supplemented its original application alleging, among other things, that Sanchez had failed to successfully complete his court-ordered community service work. The following day, the trial court held a hearing on Sanchez' motion to dismiss, and it determined that the motion should be denied.

On June 8, 2017, the trial court proceeded with a hearing on the State's amended application to adjudicate guilt. During the hearing, the parties stipulated to a portion of the documentary evidence, including a written acknowledgment by Sanchez, stating, "All of the matters and things set forth and alleged in the APPLICATION FOR REVOCATION OF PROBATION herein are true and correct." Sanchez then pled true to all of the State's allegations against him.[2] The trial court accepted Sanchez' pleas of true, adjudicated him guilty, and sentenced him to five years' confinement in prison.[3] This appeal followed.

## II. Standard of Review

We review a decision to adjudicate guilt in the same manner as we review a decision to revoke community supervision—for abuse of discretion. *Little v. State*, 376 S.W.3d 217, 219 (Tex. App.—Fort Worth 2012, pet ref'd) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)); *see In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). In a revocation hearing, the trial court is the sole trier of the facts and determines the credibility of the witnesses and the weight given to their testimony. *T.R.S.*, 115 S.W.3d at 321. A trial court's decision to revoke community supervision and to proceed to adjudication is examined in the light most favorable to the trial court's judgment. *Id.*

---

[2]Following the trial court's pronouncements, Sanchez clarified that he had pled not true to the allegation that he failed to report in compliance with the conditions of his community supervision, and that he had pled true to the remaining allegations. The trial court's judgment states that Sanchez pled "TRUE ALLEGATION 2 THRU 6 NOT TRUE ALLEGATION 1." Regardless, the trial court found all of the State's allegations against Sanchez to be true.

[3]After being informed that Sanchez intended to appeal its ruling, the trial court set an appellate bond, precluding the need for Sanchez to be remanded to custody.

4

The State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Proof by a preponderance of evidence as to any *one* of the alleged violations of the conditions of community supervision is sufficient to support a trial court's decision to revoke community supervision. *See Marsh v. State*, 343 S.W.3d 475, 479 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)).

## III. Discussion

Sanchez contends that the State failed to prove that it exercised due diligence in an attempt to timely arrest him. Sanchez claims that the State's lack of proof constitutes an affirmative defense to the allegations in the State's motion to adjudicate. For multiple reasons, Sanchez' contention is without merit.

At common law, a trial court's jurisdiction over a motion to revoke community supervision did not survive the expiration of the community supervision period unless (1) a motion to revoke was filed before the community supervision period expired, (2) an arrest warrant, capias, or summons was issued before the community supervision period expired, and (3) the State exercised due diligence in having a revocation hearing. *Peacock v. State*, 77 S.W.3d 285, 287–88 (Tex. Crim. App. 2002), *superseded by statute as recognized in Garcia v. State*, 387 S.W.3d 20 (Tex. Crim. App. 2012); *see Harris v. State*, 843 S.W.2d 34, 35 n.1 (Tex. Crim. App. 1992), *overruled by Bawcom v. State*, 78 S.W.3d 360, 363 (Tex. Crim. App. 2002) (due diligence may be shown by

pre-capias diligence).  Under prior caselaw, the State had the burden to prove its due diligence once the defendant raised the issue.  *Rodriguez v. State*, 804 S.W.2d 516–17 (Tex. Crim. App. 1991) (per curiam).

> However, in 2003, the Legislature enacted Section 24 of Article 42.12, which states,
>
> For the purposes of a hearing under Section 5(b) or 21(b), it is an affirmative defense to revocation for an alleged failure to report to a supervision officer as directed or to remain within a specified place that a supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation failed to contact or attempt to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of community supervision was entered.

Act of May 28, 2003, 78th Leg., R.S., ch. 250, § 3, 2003 Tex. Gen. Laws 1158, 1158, *repealed by* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 1.01, 2015 Tex. Gen. Laws 2321, 2364 (re-codified at TEX. CODE CRIM. PROC. art. 42A.756 (West Supp. 2017)).  The statute addresses only revocation proceedings that occur beyond the expiration of the term of community supervision.[4] *Garcia v. State*, 387 S.W.3d 20, 25 (Tex. Crim. App. 2012).  In *Garcia*, the Court of Criminal Appeals explained,

> The legislative history reveals that the Legislature intended to replace the common-law requirement with the due-diligence statute to reallocate the burden of proof in those instances in which the State has timely alleged violations but has not arrested the defendant before the community-supervision period has expired.  Furthermore, the history suggests that the legislation was intended to enhance the public's safety by permitting the government greater leeway to pursue those violators who have failed to comply with their conditions of community supervision.

---

[4]In this case, Sanchez was arrested prior to the expiration of his ten-year term of community supervision.

*Id.* Among other things, Section 24 of Article 42.12 shifted the burden of proof to the defendant, and limited its use to allegations of "failure to report to a supervision officer as directed or to remain within a specified place." *Id.* at 23, 26 (quoting TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24, which was subsequently repealed and re-codified at TEX. CODE CRIM. PROC. art. 42A.756).

However, the Legislature has since repealed Article 42.12, effective January 1, 2017, and enacted Chapter 42A, as part of a nonsubstantive revision of the community-supervision laws. Article 42A.756 states,

> For the purposes of a hearing under Article 42A.751(d), it is an affirmative defense to revocation for an alleged violation based on a failure to report to a supervision officer as directed or to remain within a specified place that no supervision officer, peace officer, or other officer with the power to arrest under a warrant issued by a judge for the alleged violation contacted or attempted to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of deferred adjudication community supervision was entered.

TEX. CODE CRIM. PROC. ANN. art. 42A.756 (West Supp. 2017). As in Section 24 of Article 42.12, the due diligence defense contained in Article 42A.756 is applicable only to revocations involving allegations of failure to report or failure to remain within a specified place.

Here, the trial court's ruling was based on additional violations other than failure to report or failure to remain in a specified place, namely, the failure to complete community service work hours and the failure to pay fines, fees, costs, and restitution. Thus, even assuming, without making a finding, that the State did not exercise due diligence in locating and arresting Sanchez, the trial court did not abuse its discretion because a due-diligence defense is not available with respect to allegations involving failure to complete community service work hours or failure to pay fines, fees, costs, and restitution. In fact, Sanchez pled true to these particular allegations. Proof by a

7

preponderance of evidence as to any *one* of the alleged violations of the conditions of community supervision is sufficient to support a trial court's decision to revoke community supervision. *See Marsh*, 343 S.W.3d at 479.

For these reasons, we overrule Sanchez' sole point of error.

## IV. Conclusion

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:    January 23, 2018
Date Decided:    January 24, 2018

Do Not Publish