

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00068-CR

STEVEN EUGENE WOODEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 20F1322-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

The trial court revoked Steven Eugene Wooden's community supervision and sentenced him to twenty-four months' confinement in a state jail facility. Wooden appeals the trial court's ruling and judgment, claiming the trial court abused its discretion in finding that Wooden violated several terms of his community supervision.[1] Upon review of the record and applicable law, we find no abuse of discretion on the part of the trial court. We affirm the trial court's judgment.

## I. Background

### A. Wooden's Community Supervision

Pursuant to a plea agreement, on December 17, 2020, Wooden pled guilty to criminal mischief, $2,500.00 or more but less than $30,000.00.[2] Wooden's sentence of two years' confinement was suspended, and standard terms and conditions of community supervision were imposed. On October 13, 2022, the State moved to revoke Wooden's supervision and amended its motion on January 10, 2023. The State raised the following allegations of violations:

- Wooden violated the supervision condition that he not commit any new offenses against the laws of Texas, another state, the United States, or any other country;

---

[1]Wooden's points of error challenge the sufficiency of the evidence to support the trial court's findings that Wooden (1) committed new offenses, (2) used methamphetamine, and (3) failed to report to community supervision in certain months. Because we find the evidence sufficient to support the trial court's finding that Wooden committed new offenses, we will not address the second and third points of error.

[2]*See* TEX. PENAL CODE ANN. § 28.03(b)(4) (Supp.). Wooden was assessed a fine of $2,000.00, restitution of $2,800.00, and court costs of $290.00. He was also ordered to complete 240 hours of community supervision, undergo a substance abuse evaluation, and participate in any subsequent recommended treatment. The trial court's judgment revoking Wooden's community supervision and sentencing included the financial obligations.

- Wooden failed to "avoid injurious or vicious habits" and "abstain from the use of alcoholic beverages" and "narcotic or habit-forming drugs without a doctor's prescription"; and

- Wooden failed to report to his community supervision officer monthly "or as otherwise directed by the Supervision Officer in charge of the case."

The State alleged Wooden violated those terms as follows:

- Wooden committed the offenses of failure to identify as a fugitive from justice[3] and evading arrest or detention[4] on or about November 26, 2022, in Morris County, Texas;

- Wooden used and admitted to using methamphetamine on or about April 26, 2022; and

- Wooden failed to report to his community supervision officer in the months of June, July, and October 2022.

## B.    The Revocation Hearing

The trial court conducted Wooden's revocation hearing on March 13, 2023, and Wooden pled not true to all allegations. At the revocation hearing, Wooden's community supervision officer, Andrea Davis, testified that she received information that Wooden had been arrested in Morris County for the offenses of failure to identify and evading arrest or detention.[5] She verified that Wooden was the same person arrested by comparing Wooden's date of birth with that of the person arrested in Morris County. Davis also testified that she had confirmed Wooden was convicted of both offenses, though the State offered no judgments of conviction.

---

[3]*See* TEX. PENAL CODE ANN. § 38.02(d).

[4]*See* TEX. PENAL CODE ANN. § 38.04.

[5]Davis testified that she received a "hit confirmation" through the National Crime Information Center database. *See Wells v. State*, 611 S.W.3d 396, 403 (Tex. Crim. App. 2020); *State v. Cruz*, 461 S.W.3d 531, 533 (Tex. Crim. App. 2015).

3

When Wooden testified, he admitted that he had pled guilty to committing both offenses in Morris County on November 26, 2022.[6]

Davis also testified that Wooden submitted a drug test with a positive result and that he signed a notarized statement admitting that, on or about April 26, 2022, he "consumed by ingesting or abusing" amphetamines.[7] Wooden acknowledged his signature, dated May 6, 2022, on that form. However, he testified that he did not remember signing that document because he had been electrocuted sometime around Halloween that year and had difficulty remembering events that predated that event.[8]

Regarding the allegations that Wooden did not report as required in certain months, Davis testified that she began supervising Wooden on September 1, 2022. She testified that he did not report as required in June, July, August, September, and October of 2022. On cross-examination, she admitted that she did not have personal knowledge of his failure to report in June and July.

## II. Standard of Review

"We will review the trial court's decision to revoke community supervision for an abuse of discretion." *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.)

---

[6]Davis testified that Wooden was arrested and convicted of "failure to ID." On cross-examination, the State asked Wooden if he had "ple[]d guilty to failure . . . to ID [as] a fugitive in Morris County, Texas," and Wooden answered, "Yes."

[7]Davis did not identify the substance for which Wooden tested positive. The admission document had a check-mark next to "Amphetamines." Davis testified that Wooden provided two other positive test results and admitted "narcotic" use on those occasions as well. Only the document of use on April 26 was admitted into evidence, after Wooden objected that it was the only narcotic use alleged in the revocation motions. As noted above, the motion to revoke and amended motion to revoke alleged Wooden used methamphetamine.

[8]Wooden testified that he offered to take a hair-follicle drug test, but Davis did not recall that offer, and there is no indication one was ever performed.

(citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.)). "The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his or her community supervision." *Id.* (citing *Rickels*, 202 S.W.3d at 763–64; *In re T.R.S.*, 115 S.W.3d at 320). "In conducting our review, we view the evidence in the light most favorable to the trial court's ruling." *Id.* (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *In re T.R.S.*, 115 S.W.3d at 321). "If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown." *Id.* (citing *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *In re T.R.S.*, 115 S.W.3d at 321).

### III. Sufficient Evidence that Wooden Committed New Offenses Supports the Trial Court's Ruling

Viewed in the light most favorable to the trial court's ruling, the court heard evidence that (1) Wooden had been arrested for failure to identify as a fugitive and evading arrest or detention in Morris County (testimony from community supervision officer Davis), (2) Wooden had been convicted of those charges (also from Davis's testimony), and (3) Wooden admitted pleading guilty to both charges. From that testimony, the trial court could have found that Wooden had committed new offenses in violation of the terms and conditions of his community supervision. *See Gamble v. State*, 484 S.W.2d 713, 715 (Tex. Crim. App. 1972) ("[A]ppellant's own admission that he was knowingly driving without a driver's license in violation of the law during the probationary period would be sufficient evidence, standing alone, to justify revocation.").

5

"[O]ne sufficient ground for revocation will support the court's order to revoke probation." *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).[9]

Wooden complains in his brief that his in-court testimony that he pled guilty to the two Morris County offenses was "a confession made outside the revocation proceeding that was not corroborated." In support of this argument, he quotes *Hacker v. State*, 389 S.W.3d 860 (Tex. Crim. App. 2013). "[I]n the probation-revocation context, controlled by the lesser, 'preponderance of the evidence' burden of proof, an uncorroborated extrajudicial confession may be sufficient to support revocation." *Id.* at 866 (citing *Bush v. State*, 506 S.W.2d 603, 605 (Tex. Crim. App. 1974)). We do not find that *Hacker* supports Wooden's argument.

Hacker was on community supervision, and one of the terms of his community supervision was that he not contact his wife except for purposes of arranging custody of their children. *Id.* at 863. Hacker stayed with his brother, but when his wife was out of town or worked an overnight shift, he would stay at the family home, i.e., the wife's residence, and supervise the couple's children. *Id.* at 863–64. Hacker's community supervision officer testified that Hacker told her that

> he talked to [his wife] on a daily basis about his children, whom he would pick up from school. He said that he would call his wife to arrange a time to pick up the children and take them to her home. He would then stay with them at the residence until she would call him and tell him that she was on her way home. He would then leave before his wife arrived.

*Id.* at 863. Those conversations were the basis for the trial court and court of appeals findings that Hacker violated the term of his community supervision. *See id.* at 864.

---

[9]In 1993, the statutory term for probation was changed to "community supervision." *See Ivey v. State*, 277 S.W.3d 43, 51 n.48 (Tex. Crim. App. 2009).

6

However, the Texas Court of Criminal Appeals disagreed. Hacker's "admission that he talked to his wife on the telephone frequently for the purpose of child custody was not an admission that he engaged in conduct that violated his probation." *Id.* at 866. Wooden's quotation and reliance on *Hacker*—i.e., that "an uncorroborated extrajudicial confession may be sufficient to support revocation"[10]—is misplaced vis-à-vis Wooden's situation.

Wooden's statement that he pled guilty to the two Morris County charges was not extrajudicial.[11] It was testimony under oath before the trial court. So, *Hacker*'s language is not relevant to the situation at bar. Further, Wooden does not explain or offer authority as to why his testimony, along with Davis's, is not sufficient to support the trial court's ruling.[12]

There was sufficient evidence for the trial court to find Wooden violated the condition of his community supervision that required him to not commit any new criminal offenses. The trial court's ruling was not an abuse of discretion.

---

[10]*Hacker*, 389 S.W.3d at 866.

[11]"Outside court; outside the functioning of the court system." *Extrajudicial*, BLACK'S LAW DICTIONARY (11th ed. 2019). An extrajudicial statement is "[a]ny utterance made outside court." *Extrajudicial statement*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[12]Woodson's brief, in part, reads, "During the [revocation] hearing, Wooden admitted that he . . . plead [sic] guilty in Morris County to 'failure to ID a fugitive' and 'evading arrest or detention.' . . . However, the evidence that Appellant plead [sic] guilty is a confession made outside the revocation proceeding that was not corroborated." We can only interpret this as referring to evidence offered at the Morris County proceedings. Again, he does not offer any explanation why his testimony at the instant revocation hearing was not substantive evidence for the trial court's consideration.

**IV.    Conclusion**

Having found a sufficient basis for the trial court's revocation of Wooden's community supervision, it is unnecessary for us to address his remaining two points of error.  We affirm the trial court's judgment.

                                        Charles van Cleef
                                        Justice

Date Submitted:        October 25, 2023
Date Decided:          November 8, 2023

Do Not Publish